FRANK SCHAEFER v. STATE OF OHIO.

POWER OF POLICE JUDGE TO REVOKE SUSPENSION OF SENTENCE NOT IMPAIRED BY PASSING OF TERM.

In the absence of statutory enactments to the contrary, the power of a police judge to revoke the suspension of the execution of a sentence is not impaired or limited by the passing of the term in which such suspension is made.

ERROR to Franklin common pleas court.

**C. D. Saviers,** for plaintiff in error:

Upon the question as to whether or not a judge or court has a right, after the expiration of the term of court at which a sentence was pronounced against a prisoner, to order the same carried into execution. *Weber* v. *State,* 58 Ohio St. 616 [51 N. E. Rep. 116; 41 L. R. A. 472]; Brown, Jurisdiction (2 ed.) Sec. 13a; Church, Habeas Corpus Sec. 378; *Williams, Ex parte,* 26 Fla. 310 [8 So. Rep. 425]; *United States* v. *Wilson,* 46 Fed. Rep. 748; *Commonwealth* v. *Mayloy,* 57 Pa. St. 291; *State* v. *Gray,* 37 N. J. Law (8 Vroom) 369; *Weaver* v. *People,* 33 Mich. 296; *State* v. *Voss,* 80 Iowa 467 [45 N. W. 898; 8 L. R. A. 767]; *People* v. *Cummings,* 88 Mich. 249 [50 N. W. Rep. 310; 14 L.

Franklin County.

R. A. 285]; *People* v. *Blackburn*, 6 Utah 347 [23 Pac. Rep. 759]; *People* v. *Morrisette*, 20 How. Pr. 118; *Webb, In re*, 89 Wis. 354 [62 N. W. Rep. 177; 27 L. R. A. 356; 46 Am. St. Rep. 846]; *Neal* v. *State*, 104 Ga. 509 [30 S. E. Rep. 858; 42 L. R. A. 190; 69 Am. St. Rep. 175]; *People* v. *Allen*, 155 Ill. 61 [39 N. E. Rep. 568; 41 L. R. A. 473]; *People* v. *Barrett*, 202 Ill. 287 [67 N. E. Rep. 23; 95 Am. St. Rep. 230].

**DUSTIN, J.**

It having been established in Ohio that a court may, in indefinite terms, suspend the execution of a sentence in a criminal case, *State* v. *Allen*, 68 Ohio St. 516 [67 N. E. Rep. 1053], we think it follows that the same judge may revoke the suspension, on his own motion, at any time even after term.

But even if the conditional suspension cannot extend beyond the term, the sentence is not thereby invalidated and can be carried into execution at any time.

The views of Judge Dillon on this question, in the Lee case, seem to us to be sound.

The judgment of the common pleas court is therefore affirmed.

**Wilson** and **Sullivan, JJ.,** concur.